**FILED**

2010 Sep-09  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARIE FORMOSA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **LOWE'S HOME CENTERS, INC.;** ) | |
| **L.G. SOURCING, INC.** ) | |
| ) | |
| **Defendants.** ) | |

### NOTICE OF REMOVAL

COMES NOW the Defendant L.G. Sourcing, Inc., by and through counsel, and files and serves this Notice of Removal, removing this action from the Circuit Court of Jefferson County, Alabama (Bessemer Division) to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, the Defendant states as follows.

1.     This civil action was initiated in the Circuit Court of Jefferson County, Alabama (Bessemer Division) as case number CV-2010-900395. The Summons and Complaint were served upon the defendant on or about August 9, 2010. True and accurate copies of the Summons and Complaint are attached hereto as Exhibit "A."

2.     This Notice of Removal is filed and served within 30 days of the date of service as described above.

3.     This action is being removed to Federal District Court on the basis of diversity jurisdiction as allowed by 28 U.S.C. § 1332.

4.     The United States District Court for the Northern District of Alabama, Southern Division, has original jurisdiction under 28 U.S.C. § 1332. This action is removable under 28 U.S.C. § 1441.

5.     This Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper. Because there is diversity of the citizenship with respect to all properly joined parties removal is proper to pursuant to 28 U.S.C. § 1441. The Plaintiff Marie Formosa is a citizen of the State of Alabama. Defendants Lowe's Home Centers, Inc. and L.G. Sourcing, Inc. are North Carolina corporations, each with their home office and principle place of business North Carolina.

Though the claims against Defendant Lowe's Home Centers, Inc. are state-law workers' compensation claims, that Defendant was improperly and/or fraudulently joined. Improper or fraudulent joinder does not defeat removal by properly joined parties. Wright v. American General Life and Accident Insurance Co., 136 F. Supp. 2d 1207 (M.D. Ala. 2001); *See also* Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270 (M.D. Ala. 2001).

Specifically, Lowe's Home Centers, Inc. has been sued in this lawsuit with allegations alleging worker's compensation benefits only. Under Alabama law, claims for worker's compensation benefits cannot be properly joined with claims for personal

-2-

injuries such as those against L. G. Sourcing, Inc. Brooks, 176 F. Supp. 2d at 1275.

Further, the Plaintiff has made a jury demand as to the claims against L.G. Sourcing, Inc.

However, no jury is allowed as a matter of law with respect to workers' compensation

claims. Therefore, as a matter of fact and as a matter of law these claims cannot be tried

together and must be severed. This removing Defendant admits that the claims workers'

compensation benefits cannot be removed to federal court and accordingly is filed

simultaneously with this Removal a Motion to Severe the workers' compensation claims

from those claims against L.G. Sourcing, Inc. and requests that the court remand the

workers' compensation portion of the case, filed against Plaintiff's employer Lowe's

Home Centers, Inc. to state court.

      6.     The amount is controversy of this matter exceeds the sum of $75,000,

exclusive of interest and costs. Though the Plaintiff's Complaint does not state a specific

demand, it is clear from the allegations of the Complaint that the jury could award well in

excess of $75,000 if the Plaintiff were to prove his case. Specifically, the Plaintiff has

claimed permanent injuries to her back, left leg and hip, "great physical pain and

anguish," lost of time from employment, a loss of earning capacity, and permanent

disfigurement and inability to pursue normal activities. The Plaintiff has further made

claims for punitive damages. Though the Defendant does not concede the accuracy of

these claims, it is clear that if the Plaintiff's claims could be proven, then an award in

excess of $75,000 would be justified.

7.     This Notice of Filing Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Jefferson County, Alabama (Bessemer Division), as required by 28 U.S.C. § 1446(d). A copy of said Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

8.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

9.     A copy of all pleadings, papers, Notices, and Orders, served upon the defendants and which consist of the Record of the Clerk of the Circuit Court of Jefferson County, Alabama (Bessemer Division), have been attached hereto as Exhibit "C."

10.    All Defendants have consented to the removal of this action to Federal Court.

11.    For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 and the case is properly removed pursuant to 28 U.S.C. 1441.

Respectfully submitted,

JOSEPH E. STOTT - ASB-4163-T71J
Attorney for Defendant L.G. Sourcing, Inc.

-4-

**OF COUNSEL:**

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563
jstott@sssandf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARIE FORMOSA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No.:** _____ |
| | ) |
| **LOWE'S HOME CENTERS, INC.;** | ) |
| **L.G. SOURCING, INC.** | ) |
| | ) |
|     **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have on September $7+h$, 2010 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

Henry C. Dailey Jr., Esq.
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, AL 35242

OF COUNSEL

-6-

# EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>68-CV-2010-900395.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**MARIE FORMOSA v. LOWE'S HOME CENTERS, INC. ET AL**

**NOTICE TO**   L.G. SOURCING, INC., POST OFFICE BOX 1535, NORTH WILKESBORO, NC 26659

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY HENRY C. DAILEY JR.

WHOSE ADDRESS IS 2217 CAHABA VALLEY DRIVE, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MARIE FORMOSA
pursuant to the Alabama Rules of the Civil Procedure

| 7/30/2010 4:08:18 PM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s HENRY C. DAILEY JR. |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____           _____
Date                     Server's Signature

| State of Alabama | **SUMMONS** | **Case Number:** |
|---|---|---|
| Unified Judicial System | **- CIVIL -** | 68-CV-2010-900395.00 |
| Form C-34  Rev 6/88 | | |

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### MARIE FORMOSA v. LOWE'S HOME CENTERS, INC. ET AL

**NOTICE TO**   LOWE'S HOME CENTERS, INC., CSC LAWYERS INCORPORATING 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY HENRY C. DAILEY JR.

WHOSE ADDRESS IS 2217 CAHABA VALLEY DRIVE, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MARIE FORMOSA
pursuant to the Alabama Rules of the Civil Procedure

| 7/30/2010 4:08:18 PM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s HENRY C. DAILEY JR. |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

ELECTRONICALLY FILED
1/30/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## BESSEMER DIVISION

MARIE FORMOSA, an individual,  )
)
     Plaintiff,  )
)
v.  )    Civil Action No.: CV 2010-_____
)

LOWE'S HOME CENTERS, INC., a corporation, and L.G. SOURCING, INC., a corporation; and **No. 1**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 2**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were negligent on or before the occasion made the basis of this suit and whose negligence was a proximate cause of plaintiff's injuries; **No. 3**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 4**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of the plaintiff on the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity of those entities who or which conducted safety inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 6**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 7**, whether singular or plural, that entity or those entities, including but not limited to the workmen's compensation and comprehensive general liability insurance carrier of plaintiff's employer, which conducted safety inspections of or with respect to plaintiff's work environment including, but not limited to the equipment, systems or methods utilized by plaintiff and/or plaintiff's employer on the occasion made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities who or which was the owner or owners of the site of the work being done at the time of the occurrence made the basis of this lawsuit; **No. 10**, whether singular or plural, that entity or those entities who or which designed the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 11**, whether singular or plural, that entity or those entities who or which manufactured or assembled the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use thereof; **No. 12**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said through the date of its acquisition by the employer of the plaintiff; **No. 13**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered the backless barstool involved in said occurrence, any component part thereof, or any attendant equipment used or available for use thereof; **No. 14**, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use of the backless barstool involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 2 of 6 Pages

entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the backless barstool made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 16**, whether singular or plural, that entity who or which installed the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 17**, whether singular or plural, that person, or those persons, that entity or those entities whose duty it was to maintain and/or repair the backless barstool involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 18**, whether singular or plural, that entity or those entities who or which was responsible for advertising the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 19**, whether singular or plural, that entity or those entities who or which did any consulting work, it., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the backless barstool involved in the occurrence made the basis of this lawsuit; **No. 20**, whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the backless barstool involved in the occurrence made the basis of this lawsuit, any component thereof, or any attendant equipment used or available for use therewith; **No. 21**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 22**, whether singular or plural, that entity or those entities who or which served as general or prime contractor at the time of the occurrence made the basis of this lawsuit; **No. 23**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by plaintiff's employer; **No. 24**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 25**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 26**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 27**, whether singular or plural, that entity, other than those entities described above, which is the successor in interest of any of those entities described above. Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to

plaintiff at this time, and their true names will be substituted by amendment when ascertained.

)
      Defendants.         )
)

## **COMPLAINT**

### **COUNT ONE**

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 3 of 6 Pages

1.　　On or about August 1, 2008, plaintiff, MARIE FORMOSA was employed by
　　　LOWE'S HOME CENTERS, INC., a corporation, located in Jefferson County,
　　　Alabama. At the aforesaid time and place, while plaintiff was working in the line and
　　　scope of her said employment, she was caused to be injured when the leg of the
　　　backless barstool she was sitting on came off, causing her to fall to the ground
　　　injuring her back, left leg and hip.

2.　　Plaintiff further avers that while so employed and engaged in the business of the
　　　defendants and while acting within the line and scope of employment with said
　　　defendants, the plaintiff suffered injury and damage which was the proximate result
　　　of an accident which arose out of and during the course of his employment by the
　　　defendants as aforesaid. Plaintiff was temporarily totally disabled and permanently,
　　　partially or totally disabled and can no longer complete the requirements of her
　　　occupation with the same efficiency as she could prior to this accident.

3.　　A controversy has arisen as to the benefits to be paid by the defendant to the plaintiff
　　　under the Workers' Compensation Act of Alabama, as amended, and no settlement
　　　has been made between the plaintiff and defendants for and on account of said injury
　　　to the plaintiff.

4.　　At the time of the aforesaid accident on or about August 1 2008, plaintiff was
　　　performing her duties for the defendants and, in performance of said duties, plaintiff
　　　was caused to suffer injuries to her back, left leg and hip.

5.　　Plaintiff further avers that the defendants had immediate legal and actual notice or
　　　knowledge of said injuries and claims that this action is brought within Section 25-5-
　　　80 as last amended, for the purpose of recovering benefits owed the plaintiff.

6.　　Plaintiff avers that at the time of the aforesaid injuries, plaintiff was receiving as
　　　average weekly wage of $422.40.

## COUNT TWO

7.　　Plaintiff re-alleges and readopts all of the allegations and averments contained in
　　　Count One as if fully set out herein with respect to the aforesaid defendants.

8.　　At the aforesaid time and place, and for sometime prior thereto, defendants, L.G.
　　　SOURCING, INC., a corporation; and fictitious party defendant numbers 1, 2, 3, 4,
　　　5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
　　　were engaged in the business of designing, manufacturing, selling, and/or
　　　distributing the backless barstool throughout the United States, including the State
　　　of Alabama, for use by certain members of the general public. Said defendants
　　　during said period of time and for valuable consideration designed, manufactured,
　　　sold and/or distributed the backless barstool, which injured the plaintiff.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 4 of 6 Pages

9.   At said time and place, said backless barstool, which was in substantially the same condition as when manufactured, sold and/or distributed, was being used in a manner that was foreseeable. The backless barstool was not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendants knew, or in the exercise of reasonable care should have known, that said backless barstool was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.  The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

11.  The defendant, L.G. SOURCING, INC., a corporation; and fictitious party defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27, negligently or wantonly designed, manufactured, sold and/or distributed the backless barstool involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

12.  The aforesaid wrongful, negligent, wanton and or willful conduct of each of the above described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

    a.   Plaintiff was caused to sustain injuries to her back, left leg and hip.
    b.   Plaintiff was caused to be permanently injured.
    c.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in and an effort to heal and cure her injuries.
    d.   Plaintiff was caused and will be caused in the future to suffer great physical pain and mental anguish as a result of her injuries.
    e.   Plaintiff was caused to lose time from her employment, thereby sustaining a loss of earnings.
    f.   Plaintiff's earning capacity was caused to be greatly and permanently diminished.
    g.   Plaintiff was caused to be permanently unable to pursue many of her normal activities
    h.   Plaintiff has suffered disfigurement.

## COUNT THREE

13.  Plaintiff re-alleges and readopts all of the allegations and averments contained in the aforesaid counts as if fully set out herein with respect to the aforesaid defendants.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 5 of 6 Pages

14.     The defendant, L.G. SOURCING, INC., a corporation; and fictitious party
        defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
        21, 22, 23, 24, 25, 26 and 27 negligently or wantonly failed to warn plaintiff of the
        dangers associated with the use of the aforesaid backless barstool in the absence of
        certain safety procedures being used for the purpose of eliminating the possibility of
        said backless barstool injuring the and said negligent or wanton conduct was a
        proximate cause of plaintiff's injuries and damages hereinafter described.

15.     Plaintiff further avers that as a proximate result of the aforesaid the plaintiff was
        injured and damaged as herein above described.

16.     Plaintiff alleges that her injuries and damages, as outlined above, were caused as a
        proximate consequence of the wrongful, negligent and/or wanton conduct, breach of
        contract, breach of warranty, violation of the Alabama Extended Manufacturers
        and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, L.G.
        SOURCING, INC., a corporation; and fictitious defendants Nos. 1, 2, 3, 4, 5, 6, 7,
        8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
        combined and concurred, as herein above described.

## COUNT FOUR

17.     Plaintiff re-alleges and readopts all of the allegations and averments contained in the
        aforesaid counts as if fully set out herein with respect to the aforesaid defendants.

18.     The defendant, L.G. SOURCING, INC., a corporation; and fictitious party
        defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
        21, 22, 23, 24, 25, 26 and 27, expressly and/or impliedly warranted that the backless
        barstool involved in the occurrence made the basis of this complaint was reasonably
        fit and suitable for the purposes for which it was intended to be used. Plaintiff avers
        that said defendants breached said express and/or implied warranties in that said
        backless barstool was not reasonably fit and suitable for the purposes for which it
        was intended to be used but, to the contrary, said backless barstool was in a
        dangerously defective and unsafe condition.

19.     Plaintiff further avers that as a proximate result of the aforesaid breach of warranties
        by said defendants the plaintiff was injured and damaged as herein above described.

20.     Plaintiff alleges that her injuries and damages, as outlined above, were caused as a
        proximate consequence of the wrongful, negligent and/or wanton conduct, breach of
        contract, breach of warranty, violation of the Alabama Extended Manufacturers
        and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, L.G.
        SOURCING, INC., a corporation; and fictitious defendants Nos. 1, 2, 3, 4, 5, 6, 7,
        8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
        combined and concurred, as hereinabove described.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 6 of 6 Pages

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

/s/ Henry C. Dailey, Jr.
HENRY C. DAILEY, JR. (DAI002)
Attorney for the Plaintiff

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:

LOWE'S HOME CENTERS, INC.
CSC Lawyers Incorporating Svc, Inc., Registered Agent
150 South Perry Street
Montgomery, Alabama 36104

L.G. SOURCING, INC.
Post Office Box 1535
North Wilkesboro, North Carolina 28659

# EXHIBIT "B"

ELECTRONICALLY FILED
9/7/2010 10:57 AM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **MARIE FORMOSA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No.:  CV-2010-900395** |
| | ) |
| **LOWE'S HOME CENTERS, INC.;** | ) |
| **L.G. SOURCING, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

**TO:**   Clerk of Court, Jefferson County, Bessemer Division
Bessemer Courthouse
P.O. Box 1310
Bessemer, Alabama 35021

Notice is hereby given that, pursuant to 28 U.S.C. § 1441, et seq., Defendant, L.G.

Sourcing, Inc., has filed a Notice of Removal in the United States District Court for the

Northern District of Alabama, Southern Division, to remove Case Number CV-2010-900395

from the Circuit Court of Jefferson County, Alabama (Bessemer Division), to the United

States District Court for the Northern District of Alabama, Southern Division. A copy of said

Notice of Removal is attached hereto as Exhibit "A."

Respectfully submitted,

**s/Joseph E. Stott**
**JOSEPH E. STOTT - ASB-4163-T71J**
Attorney for Defendant L.G. Sourcing, Inc.

**OF COUNSEL:**

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563
jstott@sssandf.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 7, 2010 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

Henry C. Dailey Jr., Esq.
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, AL 35242

<u>**s/Joseph E. Stott**</u>
**OF COUNSEL**

ELECTRONICALLY FILED
9/7/2010 9:20:57 AM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIE FORMOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| L.G. SOURCING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant L.G. Sourcing, Inc., by and through counsel, and files and serves this Notice of Removal, removing this action from the Circuit Court of Jefferson County, Alabama (Bessemer Division) to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, the Defendant states as follows.

1. This civil action was initiated in the Circuit Court of Jefferson County, Alabama (Bessemer Division) as case number CV-2010-900395. The Summons and Complaint were served upon the defendant on or about August 9, 2010. True and accurate copies of the Summons and Complaint are attached hereto as Exhibit "A."

2. This Notice of Removal is filed and served within 30 days of the date of service as described above.

3.      This action is being removed to Federal District Court on the basis of diversity jurisdiction as allowed by 28 U.S.C. § 1332.

4.      The United States District Court for the Northern District of Alabama, Southern Division, has original jurisdiction under 28 U.S.C. § 1332. This action is removable under 28 U.S.C. § 1441.

5.      This Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper. Because there is diversity of the citizenship with respect to all properly joined parties removal is proper to pursuant to 28 U.S.C. § 1441. The Plaintiff Marie Formosa is a citizen of the State of Alabama. Defendants Lowe's Home Centers, Inc. and L.G. Sourcing, Inc. are North Carolina corporations, each with their home office and principle place of business North Carolina.

Though the claims against Defendant Lowe's Home Centers, Inc. are state-law workers' compensation claims, that Defendant was improperly and/or fraudulently joined. Improper or fraudulent joinder does not defeat removal by properly joined parties. Wright v. American General Life and Accident Insurance Co., 136 F. Supp. 2d 1207 (M.D. Ala. 2001); See also  Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270 (M.D. Ala. 2001).

Specifically, Lowe's Home Centers, Inc. has been sued in this lawsuit with allegations alleging worker's compensation benefits only. Under Alabama law, claims for worker's compensation benefits cannot be properly joined with claims for personal

-2-

injuries such as those against L. G. Sourcing, Inc. <u>Brooks</u>, 176 F. Supp. 2d at 1275.

Further, the Plaintiff has made a jury demand as to the claims against L.G. Sourcing, Inc.

However, no jury is allowed as a matter of law with respect to workers' compensation

claims. Therefore, as a matter of fact and as a matter of law these claims cannot be tried

together and must be severed. This removing Defendant admits that the claims workers'

compensation benefits cannot be removed to federal court and accordingly is filed

simultaneously with this Removal a Motion to Severe the workers' compensation claims

from those claims against L.G. Sourcing, Inc. and requests that the court remand the

workers' compensation portion of the case, filed against Plaintiff's employer Lowe's

Home Centers, Inc. to state court.

6.     The amount is controversy of this matter exceeds the sum of $75,000,

exclusive of interest and costs. Though the Plaintiff's Complaint does not state a specific

demand, it is clear from the allegations of the Complaint that the jury could award well in

excess of $75,000 if the Plaintiff were to prove his case. Specifically, the Plaintiff has

claimed permanent injuries to her back, left leg and hip, "great physical pain and

anguish," lost of time from employment, a loss of earning capacity, and permanent

disfigurement and inability to pursue normal activities. The Plaintiff has further made

claims for punitive damages. Though the Defendant does not concede the accuracy of

these claims, it is clear that if the Plaintiff's claims could be proven, then an award in

excess of $75,000 would be justified.

-3-

7.     This Notice of Filing Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Jefferson County, Alabama (Bessemer Division), as required by 28 U.S.C. § 1446(d). A copy of said Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

8.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

9.     A copy of all pleadings, papers, Notices, and Orders, served upon the defendants and which consist of the Record of the Clerk of the Circuit Court of Jefferson County, Alabama (Bessemer Division), have been attached hereto as Exhibit "C."

10.    All Defendants have consented to the removal of this action to Federal Court.

11.    For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 and the case is properly removed pursuant to 28 U.S.C. 1441.

Respectfully submitted,

JOSEPH E. STOTT - ASB-4163-T71J
Attorney for Defendant L.G. Sourcing, Inc.

-4-

## OF COUNSEL:

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563
jstott@sssandf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARIE FORMOSA,                          )
                                        )
    Plaintiff,                          )
                                        )
vs.                                     )   Case No.: _____
                                        )
LOWE'S HOME CENTERS, INC.;              )
L.G. SOURCING, INC.                     )
                                        )
    Defendants.                         )

## CERTIFICATE OF SERVICE

I hereby certify that I have on September __7+h__, 2010 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

Henry C. Dailey Jr., Esq.
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, AL 35242

OF COUNSEL

-6-

# EXHIBIT "C"

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>68-CV-2010-900395.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### MARIE FORMOSA v. LOWE'S HOME CENTERS, INC. ET AL

**NOTICE TO**    LOWE'S HOME CENTERS, INC., CSC LAWYERS INCORPORATING 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY HENRY C. DAILEY JR.

WHOSE ADDRESS IS 2217 CAHABA VALLEY DRIVE, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MARIE FORMOSA
pursuant to the Alabama Rules of the Civil Procedure

| 7/30/2010 4:08:18 PM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s HENRY C. DAILEY JR. |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>68-CV-2010-900395.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**MARIE FORMOSA v. LOWE'S HOME CENTERS, INC. ET AL**

L.G. SOURCING, INC., POST OFFICE BOX 1535, NORTH WILKESBORO, NC 28659

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY HENRY C. DAILEY JR.

WHOSE ADDRESS IS 2217 CAHABA VALLEY DRIVE, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MARIE FORMOSA
pursuant to the Alabama Rules of the Civil Procedure

| 7/30/2010 4:08:18 PM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s HENRY C. DAILEY JR. |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

ELECTRONICALLY FILED
9/3/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BESSEMER DIVISION**

MARIE FORMOSA, an individual,          )
                                                          )
      Plaintiff,                              )
                                                          )
v.                                                        )          Civil Action No.: CV 2010-_____
                                                          )

LOWE'S HOME CENTERS, INC., a corporation, and L.G. SOURCING, INC., a corporation; and **No. 1**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 2**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were negligent on or before the occasion made the basis of this suit and whose negligence was a proximate cause of plaintiff's injuries; **No. 3**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 4**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of the plaintiff on the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity of those entities who or which conducted safety inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 6**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 7**, whether singular or plural, that entity or those entities, including but not limited to the workmen's compensation and comprehensive general liability insurance carrier of plaintiff's employer, which conducted safety inspections of or with respect to plaintiff's work environment including, but not limited to the equipment, systems or methods utilized by plaintiff and/or plaintiff's employer on the occasion made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities who or which was the owner or owners of the site of the work being done at the time of the occurrence made the basis of this lawsuit; **No. 10**, whether singular or plural, that entity or those entities who or which designed the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 11**, whether singular or plural, that entity or those entities who or which manufactured or assembled the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use thereof; **No. 12**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said through the date of its acquisition by the employer of the plaintiff; **No. 13**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered the backless barstool involved in said occurrence, any component part thereof, or any attendant equipment used or available for use thereof; **No. 14**, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use of the backless barstool involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 2 of 6 Pages

entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the backless barstool made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 16**, whether singular or plural, that entity who or which installed the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 17**, whether singular or plural, that person, or those persons, that entity or those entities whose duty it was to maintain and/or repair the backless barstool involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 18**, whether singular or plural, that entity or those entities who or which was responsible for advertising the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 19**, whether singular or plural, that entity or those entities who or which did any consulting work, it., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the backless barstool involved in the occurrence made the basis of this lawsuit; **No. 20**, whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the backless barstool involved in the occurrence made the basis of this lawsuit, any component thereof, or any attendant equipment used or available for use therewith; **No. 21**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the backless barstool involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 22**, whether singular or plural, that entity or those entities who or which served as general or prime contractor at the time of the occurrence made the basis of this lawsuit; **No. 23**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by plaintiff's employer; **No. 24**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 25**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 26**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 27**, whether singular or plural, that entity, other than those entities described above, which is the successor in interest of any of those entities described above. Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to

plaintiff at this time, and their true names will be substituted by amendment when ascertained.

)

Defendants.                              )

)

## **COMPLAINT**

## **COUNT ONE**

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 3 of 6 Pages

1.     On or about August 1, 2008, plaintiff, MARIE FORMOSA was employed by
       LOWE'S HOME CENTERS, INC., a corporation, located in Jefferson County,
       Alabama. At the aforesaid time and place, while plaintiff was working in the line and
       scope of her said employment, she was caused to be injured when the leg of the
       backless barstool she was sitting on came off, causing her to fall to the ground
       injuring her back, left leg and hip.

2.     Plaintiff further avers that while so employed and engaged in the business of the
       defendants and while acting within the line and scope of employment with said
       defendants, the plaintiff suffered injury and damage which was the proximate result
       of an accident which arose out of and during the course of his employment by the
       defendants as aforesaid. Plaintiff was temporarily totally disabled and permanently,
       partially or totally disabled and can no longer complete the requirements of her
       occupation with the same efficiency as she could prior to this accident.

3.     A controversy has arisen as to the benefits to be paid by the defendant to the plaintiff
       under the Workers' Compensation Act of Alabama, as amended, and no settlement
       has been made between the plaintiff and defendants for and on account of said injury
       to the plaintiff.

4.     At the time of the aforesaid accident on or about August 1 2008, plaintiff was
       performing her duties for the defendants and, in performance of said duties, plaintiff
       was caused to suffer injuries to her back, left leg and hip.

5.     Plaintiff further avers that the defendants had immediate legal and actual notice or
       knowledge of said injuries and claims that this action is brought within Section 25-5-
       80 as last amended, for the purpose of recovering benefits owed the plaintiff.

6.     Plaintiff avers that at the time of the aforesaid injuries, plaintiff was receiving as
       average weekly wage of $422.40.

## COUNT TWO

7.     Plaintiff re-alleges and readopts all of the allegations and averments contained in
       Count One as if fully set out herein with respect to the aforesaid defendants.

8.     At the aforesaid time and place, and for sometime prior thereto, defendants, L.G.
       SOURCING, INC., a corporation; and fictitious party defendant numbers 1, 2, 3, 4,
       5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
       were engaged in the business of designing, manufacturing, selling, and/or
       distributing the backless barstool throughout the United States, including the State
       of Alabama, for use by certain members of the general public. Said defendants
       during said period of time and for valuable consideration designed, manufactured,
       sold and/or distributed the backless barstool, which injured the plaintiff.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 4 of 6 Pages

9.      At said time and place, said backless barstool, which was in substantially the same
        condition as when manufactured, sold and/or distributed, was being used in a manner
        that was foreseeable. The backless barstool was not reasonably safe when being used
        in a foreseeable manner, but, to the contrary, were defective and unreasonably
        dangerous to the human body when being so used. Said defendants knew, or in the
        exercise of reasonable care should have known, that said backless barstool was
        unreasonably dangerous to the human body when being so used in a foreseeable
        manner.

10.     The foregoing wrongful conduct of said defendants was a proximate cause of
        plaintiff's injuries and damages and renders said defendants liable to plaintiff
        pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

11.     The defendant, L.G. SOURCING, INC., a corporation; and fictitious party
        defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
        21, 22, 23, 24, 25, 26 and 27, negligently or wantonly designed, manufactured, sold
        and/or distributed the backless barstool involved in the occurrence made the basis of
        plaintiff's complaint, and said negligent or wanton conduct was a proximate cause
        of plaintiff's injuries and damages hereinafter described.

12.     The aforesaid wrongful, negligent, wanton and or willful conduct of each of the
        above described defendants, including the fictitious parties defendant, combined and
        concurred, and as a proximate consequence thereof, the plaintiff was injured and
        damaged as follows:

        a.      Plaintiff was caused to sustain injuries to her back, left leg and hip.
        b.      Plaintiff was caused to be permanently injured.
        c.      Plaintiff was caused and will be caused in the future to expend sums of
                money in the nature of doctor, hospital, drug and other expenses in and an
                effort to heal and cure her injuries.
        d.      Plaintiff was caused and will be caused in the future to suffer great physical
                pain and mental anguish as a result of her injuries.
        e.      Plaintiff was caused to lose time from her employment, thereby sustaining
                a loss of earnings.
        f.      Plaintiff's earning capacity was caused to be greatly and permanently
                diminished.
        g.      Plaintiff was caused to be permanently unable to pursue many of her normal
                activities
        h.      Plaintiff has suffered disfigurement.

## COUNT THREE

13.     Plaintiff re-alleges and readopts all of the allegations and averments contained in the
        aforesaid counts as if fully set out herein with respect to the aforesaid defendants.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 5 of 6 Pages

14.     The defendant, L.G. SOURCING, INC., a corporation; and fictitious party
        defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
        21, 22, 23, 24, 25, 26 and 27 negligently or wantonly failed to warn plaintiff of the
        dangers associated with the use of the aforesaid backless barstool in the absence of
        certain safety procedures being used for the purpose of eliminating the possibility of
        said backless barstool injuring the and said negligent or wanton conduct was a
        proximate cause of plaintiff's injuries and damages hereinafter described.

15.     Plaintiff further avers that as a proximate result of the aforesaid the plaintiff was
        injured and damaged as herein above described.

16.     Plaintiff alleges that her injuries and damages, as outlined above, were caused as a
        proximate consequence of the wrongful, negligent and/or wanton conduct, breach of
        contract, breach of warranty, violation of the Alabama Extended Manufacturers
        and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, L.G.
        SOURCING, INC., a corporation; and fictitious defendants Nos. 1, 2, 3, 4, 5, 6, 7,
        8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
        combined and concurred, as herein above described.

## COUNT FOUR

17.     Plaintiff re-alleges and readopts all of the allegations and averments contained in the
        aforesaid counts as if fully set out herein with respect to the aforesaid defendants.

18.     The defendant, L.G. SOURCING, INC., a corporation; and fictitious party
        defendants numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
        21, 22, 23, 24, 25, 26 and 27, expressly and/or impliedly warranted that the backless
        barstool involved in the occurrence made the basis of this complaint was reasonably
        fit and suitable for the purposes for which it was intended to be used. Plaintiff avers
        that said defendants breached said express and/or implied warranties in that said
        backless barstool was not reasonably fit and suitable for the purposes for which it
        was intended to be used but, to the contrary, said backless barstool was in a
        dangerously defective and unsafe condition.

19.     Plaintiff further avers that as a proximate result of the aforesaid breach of warranties
        by said defendants the plaintiff was injured and damaged as herein above described.

20.     Plaintiff alleges that her injuries and damages, as outlined above, were caused as a
        proximate consequence of the wrongful, negligent and/or wanton conduct, breach of
        contract, breach of warranty, violation of the Alabama Extended Manufacturers
        and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, L.G.
        SOURCING, INC., a corporation; and fictitious defendants Nos. 1, 2, 3, 4, 5, 6, 7,
        8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27,
        combined and concurred, as hereinabove described.

Marie Formosa v. Lowe's Home Centers, Inc., et al.
Complaint
Page 6 of 6 Pages

    **WHEREFORE**, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

    **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

                        Respectfully submitted,

                        /s/ Henry C. Dailey, Jr.
                        HENRY C. DAILEY, JR. (DAI002)
                        Attorney for the Plaintiff

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:

LOWE'S HOME CENTERS, INC.
CSC Lawyers Incorporating Svc, Inc., Registered Agent
150 South Perry Street
Montgomery, Alabama 36104

L.G. SOURCING, INC.
Post Office Box 1535
North Wilkesboro, North Carolina 28659

ELECTRONICALLY FILED
7/30/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BESSEMER DIVISION**

| | |
|---|---|
| MARIE FORMOSA, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: CV 2010-_____ |
| | ) |
| LOWE'S HOME CENTERS, INC., a | ) |
| corporation, and L.G. SOURCING, INC., | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

**COMES NOW** the employee, Marie Formosa, in the above styled matter and requests that the employer, Lowe's Home Centers, Inc., answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure.

1.   Was the employee an employee of Lowe's Home Centers, Inc., as defined in § 25-5-1(5) *Code of Alabama* (1975), on the date of the occurrence made the basis of the employee's complaint?

2.   Was the employer of the employee an "employer" as defined in § 25-5-1(4) of the *Code of Alabama* (1975), on the date of the occurrence made the basis of the employee's complaint?

3.   Was the employee acting in the course of her employment as contemplated by the Worker's Compensation Act of Alabama at the time of the accident described in the employee's complaint?

4.   Did the accident complained of in the employee's complaint rise out of and occur in the course of the employee's employment?

5.   What injuries to your knowledge did the employee receive as a result of the accident made the basis of the employee's complaint?

6.   What information do you have from any source regarding the injuries received by the employee as a result of the accident made the basis of the employee's complaint?

7.   State whether or not you are in possession of any video tapes, audio tapes, reports of investigators, or any other matter related to surveillance of the employee whether preserved in some fashion or by live witness.

8.   How did you receive notice of the accident made the basis of the employee's complaint?

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 2 of 3 Pages

9. Did you receive notice of the accident made the basis of the employee's complaint within five (5) days after the occurrence of said accident?

10. Do you contend that any of the injuries made the basis of the employee's complaint were caused by the willful misconduct of the employee as defined by § 25-5-1 of the *Code of Alabama* (1975)?

11. What was the average weekly wage of the employee at the time of the accident made the basis of her complaint and what method was utilized to achieve this computed amount?

12. List any and all employer-paid fringe benefits or allowances of any character provided to the employee (the term "fringe benefits" and "allowances of any character" are to be interpreted in accordance with the common usage of the word and the statutory definition of same under § 25-5-1(b) and the judicial interpretation thereof, e.g. *Ex parte Murray*, 490 So. 2d 1238 (Ala. 1986).

13. Is the value of the fringe benefits or allowance of any character included in the computation of the average weekly wage and the response to interrogatory No. 11?

14. State each and every item that is subtracted from the employee's gross pay prior to said compensation being remitted to the employee.

15. What amount of money was paid to the employee for the fifty-two (52) weeks prior to the accident made the basis of this suit?

16. In what respect did the employee fail to comply with obligations under the Worker's Compensation Act?

17. What defenses under the Worker's Compensation Act do you interpose to the employee's complaint?

18. State the name and the address of any and all expert witnesses that the employers have contacted in connection with this case including but not limited to those that are expected to testify at the trial of this case.

19. Please consider this a request for production and provide the employee's attorney with a curriculum vitae for the above identified experts.

20. State the exact manner in which the expert became familiar with the facts of the instant case.

21. State the subject matter of the perspective testimony to be given by said expert.

22. State whether these experts have given any opinions in writing to the employers.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 3 of 3 Pages

23.   State the substance of those opinions.

24.   State the facts and opinions to which said expert will testify in detail.

25.   Give the summary of grounds for each opinion held by these experts.

26.   State whether said experts conducted any examinations or experiments concerning the injuries made the basis of this suit and give a summary of the results and conclusions of all tests, examinations, or evaluations.

Respectfully submitted,

/s/ Henry C. Dailey, Jr.
HENRY C. DAILEY, JR. (DAI002)
Attorney for the Plaintiff

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure 4.1 and 4.2, Plaintiff requests that the foregoing Plaintiff's Interrogatories To Defendant be served upon the Defendant along with the Summons and Complaint in this cause.

/s/ Henry C. Dailey, Jr.
OF COUNSEL

ELECTRONICALLY FILED
4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### BESSEMER DIVISION

MARIE FORMOSA, an individual, )
                                        )
         Plaintiff,                   )
                                         )
v.                                            )       Civil Action No.: CV 2010-_____
                                         )
LOWE'S HOME CENTERS, INC., a      )
corporation, and L.G. SOURCING, INC.,    )
a corporation,                       )
                                         )
         Defendant.                )

### PLAINTIFF'S REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT

       **COMES NOW** the Plaintiff, Marie Formosa, in the above styled matter and requests that the Defendant produce the following documents in accordance with Rule 34 of the Alabama Rules of Civil Procedure:

1.     All wage and/or payroll records pertaining to Marie Formosa, including pay stubs, time cards, benefit payments, wages, or the like.

2.     All injuries reports in Defendant's possession pertaining to Marie Formosa.

3.     All records which set forth any worker's compensation benefits received by Marie Formosa from the Defendant.

4.     All medical records in the possession of the Defendant which pertain to Marie Formosa, including all Dispensary Medical Case Records.

5.     A true and correct copy of the Plaintiff's personnel file with Defendant.

6.     Any and all other documents comprising or relating in any way to personnel records, including job applications, job descriptions, and job evaluations.

7.     All statements obtained by Defendant from any employee or other individual pertaining to any investigation of the injuries made the basis of this suit.

8.     Copies of any reports of investigations made by Defendant of the injuries made the basis of Plaintiff's complaint.

9.     All records of medical expenses incurred by Plaintiff as a result of the injuries made the basis of Plaintiff's complaint, and all records of payments of the same by Defendant.

10.    All records or documents showing fringe benefits and values thereof.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Request for Production of Documents to Defendant
Page 2 of 2 Pages

11.   All records or documents pertaining to Plaintiff's retirement benefits, including all vested and nonvested amounts.

12.   All tangible things, objects, materials, or items of evidence which may be used at the time of trial, which may have a bearing on this cause of action.

13.   A copy of any surveillance movies, videos, or photographs which have been made of Plaintiff.

14.   Any and all experts' reports which have been prepared in connection with this lawsuit, if the expert is expected to testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

                              Respectfully submitted,


                              /s/ Henry C. Dailey, Jr.
                              HENRY C. DAILEY, JR. (DAI002)
                              Attorney for the Plaintiff

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

### REQUEST FOR SERVICE

        Pursuant to the Alabama Rules of Civil Procedure 4.1 and 4.2, Plaintiff requests that the foregoing Plaintiff's Request for Production of Documents be served upon the Defendant along with the Summons and Complaint in this cause.


                              /s/ Henry C. Dailey, Jr.
                              OF COUNSEL

ELECTRONICALLY FILED
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BESSEMER DIVISION**

MARIE FORMOSA, an individual,    )
                                     )
      Plaintiff,              )
                                     )
v.                                        )      Civil Action No.: CV 2010-_____
                                     )
LOWE'S HOME CENTERS, INC., a   )
corporation, and L.G. SOURCING, INC.,  )
a corporation,               )
                                     )
      Defendant.             )

## PLAINTIFF'S REQUEST FOR ADMISSIONS

**COMES NOW** the Plaintiff, Marie Formosa, in the above styled cause and requests the Defendant to admit the truth of the following facts within thirty (30) days:

1. Defendant was Plaintiff's employer on the 1ˢᵗ day of August, 2008, and at all material times since that date.

2. That Plaintiff was injured on the occasions set forth in her complaint, to some extent, by an accident as defined in *Ala. Code* Sec. 25-5-1(8).

3. That Plaintiff's injuries as set forth in her complaint arose from an accident arising out of and in the course of her employment with Defendant as defined in *Ala. Code* Sec. 25-5-1(9), and case law interpreting said section.

4. That Defendant received notice, as defined by Alabama worker's compensation law, of Plaintiff's injuries as set forth in her complaint.

5. That Plaintiff was guilty of no misconduct which Defendant intends to use as a defense as provided for under *Ala. Code* Sec. 25-5-36.

6. That Plaintiff's injuries were not due to the willful misconduct of Plaintiff.

7. That Plaintiff's injuries were not due to Plaintiff's intention to bring about her injuries.

8. That Plaintiff's injuries were not due to Plaintiff's intoxication.

9. That Plaintiff's injuries were not due to Plaintiff's willful failure or refusal to use safety appliances provided by the Defendant.

10. That Plaintiff's injuries were not due to Plaintiff's willful failure or refusal to perform a statutory duty.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Request for Admissions
Page 2 of 2 Pages

11.   That Plaintiff's injuries were not due to any willful breach of a reasonable rule or regulation of her employer of which he had knowledge.

12.   That Plaintiff's injuries were not due to any willful violation of the law by the Plaintiff.

13.   That Plaintiff was performing all of the activities and work required of her by her job on the occasions complained of.

14.   That Plaintiff was not on limited, restricted, or light duty on the occasions complained of.

15.   That Plaintiff was doing the work of an uninjured person on the occasions complained of.

16.   That Defendant has created a permanent light duty job to accommodate Plaintiff.

Respectfully submitted,

/s/ Henry C. Dailey, Jr.
HENRY C. DAILEY, JR. (DAI002)
Attorney for the Plaintiff

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure 4.1 and 4.2, Plaintiff requests that the foregoing Plaintiff's Request for Admissions be served upon the Defendant along with the Summons and Complaint in this cause.

/s/ Henry C. Dailey, Jr.
OF COUNSEL

ELECTRONICALLY FILED
7/30/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### BESSEMER DIVISION

MARIE FORMOSA, an individual,           )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )       Civil Action No.: CV 2010-_____
                                        )
LOWE'S HOME CENTERS, INC., a            )
corporation, and L.G. SOURCING, INC.,   )
a corporation,                          )
                                        )
      Defendant.                        )

## PLAINTIFF'S FIRST INTERROGATORIES TO L.G. SOURCING, INC.

      **COMES NOW** the employee, Marie Formosa, in the above styled matter and requests that the employer, L.G. Sourcing, Inc., answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure.

      NOTE A: References herein to the "product" or any derivative or synonym thereof, are to that certain backless barstool described in the complaint.

      NOTE B: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

      NOTE C: If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such document comprising said file) by title, along with a short description of its subject matter.

    1.    State the name, address, title and duty of the person or persons who answered or assisted in answering these interrogatories.

    2.    Is this defendant's name correctly stated in the complaint on file in this case? If not, state the correct way this defendant should be designated as a party defendant in an action of law at the time of the occurrence made the basis of this suit and at the time these interrogatories are answered.

    3.    State the general corporate history of this defendant, including the date and place of incorporation, whether you are qualified to do business in the State of Alabama and, if so, the date first qualified; address of your principal place of business; and full names of your subsidiaries, divisions, sister corporations, or like entities.

    4.    State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risks or losses on the date of the occurrence made the basis of this lawsuit, along with the applicable limits of liability. **PRODUCE:** A

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 2 of 5 Pages

copy of all insurance policies and the Declaration Pages showing the limits of liability for the coverage period.

5. State whether this defendant or anyone to this defendant's knowledge has secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit. If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement(s).

6. State this defendant's role in the design, manufacture, assembly, and/or distributive chain of the product. If this defendant claims to have had no such role, state the name and address of each person or entity that did. If this defendant had such role, state:

   (a) The respective dates the product was designed, assembled, and/or manufactured.

   (b) The date the product was sold and the name and address of the person or entity to whom the product was sold.

7. State the name and address of each entity within the distributive chain with regard to the product involved in the occurrence made the basis of this lawsuit from the date of manufacture up to and including the date of said occurrence.

8. State the name and address of the manufacturer and distributor of the pressure washer involved in the occurrence made the basis of this lawsuit.

9. State the name and address of the manufacturer and distributor of the wand involved in the occurrence made the basis of this lawsuit.

10. State the name and address of the person(s) and/or employee(s) of this defendant who is most knowledgeable about the design, manufacture and/or operation of the product.

11. State the name and address of any and all safety or industrial associations or organizations of which this defendant is a member.

12. State the name, address and employer of each person known by this defendant to have any knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit.

13. State whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance of the product described in the complaint, or other substantially similar products. If so, **PRODUCE** a copy thereof.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 3 of 5 Pages

14. Please state and list any citations, criticisms, reprimands or correspondence with any governmental agency or body because of alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product described in the complaint. Produce a copy of all documentation described in this interrogatory.

15. Please state or list any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an alleged defective condition, defect in or problems regarding the product or similar products described in the complaint. This should include the civil action number of any such lawsuits, location of filing, current disposition, and identity of plaintiff and defense counsel.

16. Please state and list any and all notices, claims or complaints concerning injuries associated with the use of the product described in the complaint or similar products. **PRODUCE:** a copy of all documentation described and responsive to this interrogatory.

17. Please describe any remedial or subsequent changes made to the product described in the complaint.

18. Please describe any safety inspection, quality control inspection, quality inspection or other type of inspection, made by or for this defendant with respect to the manufacturing of the product purchased by Chemical Lime Company of Alabama, Inc., or products similar to the one made the basis of plaintiff's complaint.

19. Please describe any safety inspection, quality control inspection, quality inspection or other type of inspection policies or procedures this defendant had in effect with respect to the manufacturing of the product purchased by Chemical Lime Company of Alabama, Inc., or products similar to the one made the basis of plaintiff's complaint.

20. Please describe the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

21. State whether or not this defendant, or anyone to its knowledge, published and/or distributed any brochure, pamphlet, or other printed material, which contained warnings concerning the possibility of injury resulting from the use of the product, referred to in the complaint, or other similar products. If so, **PRODUCE** a copy thereof.

22. State whether or not this defendant has ever sent any notices, warnings, or modified instructions to owners or users of products manufactured and/or sold by this defendant after a new mandatory safety standard has been promulgated. If so, **PRODUCE** a copy thereof.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 4 of 5 Pages

23. State whether this defendant or any representative of this defendant conducted any recall and/or retrofit campaigns or similar activity involving the product referred to in the complaint or similar products, or any component part thereof. If so, **PRODUCE** a copy thereof.

24. Has this defendant ever made any written warranties on any of the products, which it distributes? If so, **PRODUCE** a copy thereof.

25. State whether this defendant conducted, participated in or otherwise knows of any training or instructional program regarding the use, operation and/or maintenance of the product involved in the occurrence made the basis of this suit or substantially similar products. If so, **PRODUCE** a copy thereof.

26. Do you contend or have any knowledge whatsoever that anyone other than the named defendants in this cause had any connection with or relationship to the occurrence made the basis of plaintiff's complaint? If so, please describe.

27. Please state the names and addresses of each and every witness this defendant expects to call at the trial of this case.

28. State the name and present address of each person this defendant expects to call as an expert witness at the trial of this case, and with respect to each such expert witness, state or produce:

    (a) the educational background and experience of the witness, and the facts constituting the basis of the qualifications of the witness;

    (b) the subject matter(s) about which the witness is expected to testify;

    (c) the substance of the facts and opinions to which the witness is expected to testify; and

    (d) a summary of the grounds or basis of each opinion to which the witness is expected to testify.

    (e) **PRODUCE:** a current CV.

    (f) **PRODUCE:** copies of all data, literature or other information considered by the expert in coming to his\her opinions in this matter.

    (g) **PRODUCE:** a listing (case caption, Court, and counsel involved) of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Respectfully submitted,

/s/ Henry C. Dailey, Jr.
HENRY C. DAILEY, JR. (DAI002)
Attorney for the Plaintiff

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Interrogatories to Defendant
Page 5 of 5 Pages

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama 35242
(205) 995-2412

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure 4.1 and 4.2, Plaintiff requests that the foregoing Plaintiff's Interrogatories To Defendant be served upon the Defendant along with the Summons and Complaint in this cause.

/s/ Henry C. Dailey, Jr.
OF COUNSEL

ELECTRONICALLY FILED
4/30/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BESSEMER DIVISION**

MARIE FORMOSA, an individual, )
)
    Plaintiff, )
)
v. )     Civil Action No.: CV 2010-_____
)
LOWE'S HOME CENTERS, INC., a )
corporation, and L.G. SOURCING, INC., )
a corporation, )
)
    Defendant. )

## PLAINTIFF'S REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT

    **COMES NOW** the Plaintiff, Marie Formosa, in the above styled matter and requests that the Defendant produce the following documents in accordance with Rule 34 of the Alabama Rules of Civil Procedure:

1.    Please produce any written report obtained from any expert witness this defendant has consulted with whether or not they will be used at trial.

2.    Please produce any and all documents of any type whatsoever including, but not limited to, invoices, sales orders, or written documents of any type indicating, addressing or growing out of any remedial or subsequent changes made to the product described in the complaint.

3.    Please produce any and all contracts, including any addendum thereto, between this defendant and any other entity, relating to the procurement, manufacture, and/or design of the product described in the complaint.

4.    Please produce all installation, service, maintenance, and owner's manual(s) for the product involved in this case.

5.    Please produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the product referred to in the complaint.

6.    Please produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the guard system that is incorporated into the product referred to in the complaint.

7.    Please produce any and all notes, memorandum, items of correspondence, drawings, pictures or other documents regarding any safety inspection, quality control inspection, quality inspection or other type of inspection, made by or for this defendant at or about

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Request for Production of Documents to Defendant
Page 2 of 4 Pages

the time the product or products similar to the one made the basis of plaintiff's complaint, was manufactured.

8.    Please produce each and every document, note, memorandum, item of correspondence or other document relating to any recommendations made by any entity or person, whether they be an agent of this defendant or not, regarding any quality control aspects of this defendants' manufacturing procedure for this product or products similar to the one made the basis of plaintiff's complaint.

9.    Please produce any and all reports, which were done as a result of the either accident, which forms the basis of this suit, or any prior accident involving the subject product or a substantially similar product.

10.   Please produce any and all policy and/or procedure manuals or any written information related to the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

11.   Please produce any and all documents evidencing reports or complaints of any problems with the subject product made by any person whether such report was made in writing or verbally, and whether or not any injury was involved.

12.   Please produce any and all policy, procedure and/or instruction manuals describing any safety inspection, quality control inspection, quality inspection or other type of inspection that this defendant had in effect with respect to the manufacturing of the product purchased by Chemical Lime Company of Alabama, Inc., and/or products similar to the one made the basis of plaintiff's complaint.

13.   Produce all engineering change requests or change orders applicable to the product described in the complaint. Please produce all documents that reflect such changes.

14.   Produce any and all invoices, bills of lading, charges, pick-up orders or order forms, or written documents of any type growing out of or pertaining to the sale of the product described in the complaint. This should include any and all documents growing out of or pertaining to the distributive chain of the product involved.

15.   Produce any and all statements, whether recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

16.   Produce any and all statements, whether recorded or written, taken of any witness or anyone with knowledge of the incident.

17.   Produce any photographs or motion pictures of the persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the product involved in said occurrence and the manufacturing process of said product or similar products.

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Request for Production of Documents to Defendant
Page 3 of 4 Pages

18. Produce all standards which pertain to the design, manufacture, use or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

19. Produce all warnings or directions, which were placed on the product described in the complaint.

20. Produce a copy of any and all warranty claims for the product or any substantially similar products involving the guard system.

22. Produce any document containing information regarding whether or not the product described in the complaint is presently in the same or substantially the same condition as (1) at the time of and immediately prior to the occurrence made the basis of this complaint and (2) at the time said product left this defendant's possession.

23. Produce any documents evidencing reports or complaints of any problems with the subject product made by any person and whether such report was made in writing or verbally, and whether or not any injury was involved.

24. Produce any approvals issued of the product has from any person, corporation, association, consumer group, or any other entity. Please include the following:

    (a) The name and address of the person, corporation, organization, association, group of other entity, which issued the approval;
    (b) The date the approval was issued;
    (c) The products manufactured by this defendant, which were included in the approval.
    (d) The certificates of approval.

25. Produce any test or test studies from any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, who conducted any test or test study to determine the safety of the product referred to in the complaint or similar products at any time prior to the occasion made the basis of this suit.

26. Produce all advertisements, catalogues, brochures, or other information about the subject product or the ability to guard the product or the different guards that are available for the product.

Respectfully submitted,

/s/ Henry C. Dailey, Jr.
HENRY C. DAILEY, JR. (DAI002)
Attorney for the Plaintiff

Marie Formosa v. Lowe's Home Centers, Inc.
Plaintiff's Request for Production of Documents to Defendant
Page 4 of 4 Pages

OF COUNSEL:
HENRY C. DAILEY, JR., P.C.
2217 Cahaba Valley Drive
Birmingham, Alabama  35242
(205) 995-2412

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure 4.1 and 4.2, Plaintiff requests that the foregoing Plaintiff's Request for Production of Documents be served upon the Defendant along with the Summons and Complaint in this cause.

/s/ Henry C. Dailey, Jr.
OF COUNSEL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
BESSEMER DIVISION

ELECTRONICALLY FILED
7/30/2010 4:08 PM
CV-2010-900395.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

MARIE FORMOSA, an individual,      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action No.: CV 2010-_____
                                   )
LOWE'S HOME CENTERS, INC., a       )
corporation, and L.G. SOURCING, INC.,  )
a corporation,                     )
                                   )
        Defendant.                 )

## PETITION TO EMPLOY AN ATTORNEY

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT:

**YOUR PETITIONER** represents unto your Honors that I was employed by the Defendant on the 1st day of August, 2008 and that while I was performing my duties as an employee of the Defendant, I suffered injuries permanent in nature; and a controversy exists between myself and my employer concerning the extent of my injuries and the compensation to which I am entitled; and my claims for compensation and medical benefits have not been and cannot be adjusted as provided by the Workmen's Compensation Act of Alabama.

**WHEREFORE**, I hereby request that I be authorized to employ Henry C. Dailey, Jr. of Henry C. Dailey, Jr., P.C., 2217 Cahaba Valley Drive, Birmingham, Alabama 35242 under the terms of said Act for the purpose of proceeding against said employer as authorized by said Act.

Dated this the 30TH day of JULY, 2010.

_____
MARIE FORMOSA

STATE OF ALABAMA      )
COUNTY OF SHELBY      )

I, the undersigned authority, a notary public in and for said county in said state, hereby certify that **MARIE FORMOSA**, whose name is signed to the foregoing Petition to Employ an Attorney, and that she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 30TH day of JULY, 2010.

_____
NOTARY PUBLIC
My Commission Expires: JUNE 15, 2013

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| MARIE FORMOSA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV 2010-_____ |
| | ) | |
| LOWE'S HOME CENTERS, INC., a corporation, and L.G. SOURCING, INC., a corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

THE PETITIONER   is hereby authorized to employ Henry C. Dailey, Jr. of Henry C. Dailey, Jr., P.C., as counsel to represent her in the cause in question; their compensation shall be fixed later under the terms and provisions of the Workman's Compensation Act of Alabama.

Dated this the _____ day of _____, 2010.


_____
CIRCUIT JUDGE