## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARIE FORMOSA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 2:10-cv-2411-SLB** |
| | } | |
| **LOWE'S HOME CENTERS, INC.;** | } | |
| **L.G. SOURCING, INC.,** | } | |
| | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

This case is before the court on defendant L.G. Sourcing's Motion to Sever and for Partial Remand, (doc. 3),[1] and plaintiff Formosa's Motion to Remand, (doc. 8).  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that L.G. Sourcing's Motion to Sever and for Partial Remand is due to be granted and plaintiff's Motion to Remand is due to be denied.

### I.  BACKGROUND

Plaintiff Formosa commenced this action in the Circuit Court of Jefferson County, Alabama against Lowe's Home Centers, Inc., ("Lowe's"); L.G. Sourcing, Inc., ("L.G. Sourcing"); and twenty-seven fictitious defendants.  Formosa is a citizen of Alabama,

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

while defendants Lowe's and L.G. Sourcing are both North Carolina corporations, each with a home office and principal place of business in North Carolina.  (Doc. 1 at 2.)

In her state-court Complaint, Formosa alleges that on or about August 1, 2008, in the scope of her employment with Lowe's, she was injured when the leg of the backless bar stool she was sitting on came off, causing her to fall to the ground and injure her back, left leg, and hip.  (Doc. 1 at 12 ¶ 1.)  Count One of the Complaint alleges a claim for worker's compensation benefits against Lowe's under the Workers' Compensation Act of Alabama, Ala. Code 1975 § 25-5-80.  (Doc. 1 at 12.)  Counts Two, Three, and Four of the Complaint allege claims of negligent and wanton design of the barstool, negligent failure to warn, and breach of express and/or implied warranties against L.G. Sourcing and the fictitious defendants under state law, including the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").  (Doc. 1 at 12-14.)  Formosa's Complaint seeks both compensatory and punitive damages and demands a jury trial.  (Doc. 1 at 15.)

The Summons and Complaint were served on defendant L.G. Sourcing on August 9, 2010, and L.G. Sourcing filed a Notice of Removal in this court on September 7, 2010. (Doc. 1.)  L.G. Sourcing removed the case pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  In the Notice of Removal, L.G. Sourcing argues that the workmen's compensation claim against Lowe's was improperly and/or fraudulently joined to the state law claims against L.G. Sourcing and, therefore, the worker's compensation claim should be severed from the other counts and be remanded

2

to state court.  (Doc. 1 at 3.)  L.G. Sourcing asserts that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, (*id.*), and Formosa has not disputed this assertion.

On the same day that it filed its Notice of Removal, L.G. Sourcing filed a Motion to Sever and For Partial Remand ("Motion to Sever"), in which it moves the court to sever the worker's compensation claim in Count I from the remaining allegations against L.G. Sourcing, remand the worker's compensation claim to state court, and retain jurisdiction over the remaining state law claims against L.G. Sourcing.  On October 12, 2010, the deadline given by this court for the parties to file opposition to L.G. Sourcing's Motion to Sever, Formosa filed a Motion to Remand, arguing that this court should remand the entire case back to state court, rather than sever the claims.  (Doc. 8.)

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A removing defendant has the burden of establishing the propriety of removal under § 1441 and, therefore, must establish the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because of federalism concerns implicated by removal jurisdiction, removal statutes must be construed narrowly, with all doubts to be resolved in favor of remand. *Am. Tobacco Co.*, 168 F.3d at 411; *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (noting Eleventh Circuit preference for remand where federal jurisdiction not "absolutely clear").

Federal law prohibits the removal of certain types of actions by designating them as "nonremovable." 28 U.S.C. § 1445. In particular, civil actions brought in state court "arising under the workmen's compensation laws" of the state may not be removed to federal court. 28 U.S.C. § 1445(c). It is undisputed here that Formosa's claim against Lowe's for worker's compensation benefits in Count I of the Complaint falls within the types of actions that may not be removed under § 1445(c). However, because plaintiff's Motion to Remand was filed more than thirty days after the case was removed, the court must address the effect of the late Motion to Remand on both the workers' compensation claim and the remaining common law claims.

**Timeliness of Motion to Remand**

Formosa argues that § 1445(c) prohibits removal of actions arising under a state's worker's compensation laws, and "[b]ecause the Plaintiff has alleged a workers' compensation claim against Co-Defendant Lowe's Home Centers, Inc. in her Complaint,

the case is due to be remanded." (Doc. 9 at 3.)  A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  Formosa's Motion to Remand was filed 35 days after the case was removed.  L.G. Sourcing argues that the entire case cannot be remanded because Formosa's Motion to Remand was untimely.  Specifically, L.G. Sourcing argues that a motion to remand under § 1445 is procedural in nature, and, therefore, Formosa waived her right to contest the procedural defect by failing to move for remand within thirty days of removal.  (Doc. 10 at 2.)   If the basis of Formosa's Motion to Remand – that is, the improper removal of the worker's compensation claim – is "any defect other than lack of subject matter jurisdiction," such as a procedural defect, Formosa's objection to removal is indeed untimely and would be considered waived. However, if the basis of remand is a lack of subject matter jurisdiction, which cannot be waived, the 30 day deadline is irrelevant and the claim must be remanded.

The Second, Fourth, Fifth, Eighth, and Ninth Circuits have held that the wrongful removal of a case in violation of an anti-removal provision is procedural in nature and does not create a substantive jurisdictional defect.  These courts have held that, under § 1447, such objections to removal are waived if not made within thirty days of removal, and the district court may keep the case as long as subject matter jurisdiction otherwise exists.  *See Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025 (8th Cir. 2006) (implicitly holding that § 1445(c) is not jurisdictional and stating that plaintiff's attempt

5

to remand under this provision was waived when she did not timely move for remand in district court); *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411 (2d Cir. 2004), *cert. dismissed, KFC U.S. Props., Inc. v. Williams*, 544 U.S. 1012 (2005) (noting "if removal was statutorily improper, a party opposing removal must move to remand within the 30 day limitation or the objection will be forfeited"); *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) (in case originally filed in district court, noting that, when § 1445(c) does apply, "its bar against removal is nonjurisdictional and may be waived"); *Wiley v. United Parcel Service*, 11 Fed. Appx. 176 (4th Cir. 2001) (per curiam) ("[A] party seeking to invoke § 1445(c) must object to removal within thirty days after the filing of a notice of removal." ); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998) ("[A] plaintiff must make a motion to remand based on the wrongful removal of a state worker's compensation claim within thirty days after notice of removal or the plaintiff waives the opportunity to move for remand.").

However, the Eleventh Circuit has held that federal courts lack subject matter jurisdiction over removed worker's compensation claims. *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997) ("Section 1445(c) is a jurisdictional-based limitation on the district court's removal power"). In *Reed*, an employee sued his employer in state court for retaliatory discharge under a state statute and the ADA. *Id.* at 1056-57. The defendant employer removed the case to federal court, which granted summary judgment for the defendant on all claims.

6

*Id.* at 1057.  The Eleventh Circuit held that the retaliation claim fell under the class of nonremovable claims in § 1445(c), and that the district court therefore lacked subject matter jurisdiction over the retaliation claim.  *Id.* at 1061.  Accordingly, the court reversed the grant of summary judgment on the retaliation claim and remanded it to state court.  *Id.* at 1063.  However, the court affirmed the grant of summary judgment on the ADA claim. *Id.*

Further, in an unpublished per curiam opinion, the Eleventh Circuit recently held that a district court erred in not granting a motion to remand under § 1445(c) that was filed more than 30 days after removal.  *Alansari v. Tropic Star Seafood Inc.*, 388 Fed. Appx. 902, 2010 WL 2853652, at *2 (11th Cir. July 22, 2010) (per curiam).  In *Alansari*, the plaintiff sued his former employer in state court, alleging a worker's compensation retaliation claim, along with claims under both federal and state statutes.  *Id.* at 903.  The defendant removed the case to federal court and the plaintiff filed a motion to remand the worker's compensation claim.  *Id.* at 905.  The district court denied the motion to remand because it was not filed within thirty days after removal.  *Id.*  The court granted summary judgment to defendant on all claims and the plaintiff appealed.  *Id.* at 903.  Relying on *Reed*, the appellate court held that the district court lacked subject matter jurisdiction over plaintiff's worker's compensation retaliation claim and, therefore, should have remanded it.  *Id.*  at 905-06.  Accordingly, the court vacated the district court's denial of the motion

to remand and remanded the worker's compensation claim, but affirmed the grant of summary judgment on the other claims.  *Id.*

This court finds that, under *Alansari* and *Reed*, improper removal of a claim that arises under the state's worker's compensation laws raises a subject matter jurisdiction issue, rather than merely a procedural defect.  *Alansari*, 2010 WL 2853652 at *2; *Reed*, 206 F.3d at 1061.  Accordingly, this court lacks subject matter jurisdiction over Count I, which presents a claim for workers' compensation benefits under Ala. Code 1975 § 25-5-80.  Therefore, the fact that plaintiff's Motion to Remand was filed more than thirty days after removal is irrelevant as to remand of Count I, and the worker's compensation claim is due to be remanded.

Having determined that the court must remand the worker's compensation claim, the court must next determine whether the remaining counts should also be remanded to state court, or whether the court should sever the worker's compensation claim from the remaining claims and retain jurisdiction over the common law claims on the basis of diversity jurisdiction.

**Severance**

L.G. Sourcing admits that the worker's compensation claim is nonremovable, but asserts that the misjoinder of the worker's compensation claim with the remaining personal injury counts "abrogates the application of that general rule," allowing the case to be removed and the worker's compensation claim to be subsequently severed and

remanded.  (Doc. 1 at 3; Doc. 10 at 3.)  L.G. Sourcing asserts that the claims were fraudulently joined because, under Alabama law, (1) claims for worker's compensation benefits cannot be properly joined with claims for personal injuries, and (2) worker's compensation claims are to be tried to the court, not to a jury, while Formosa has demanded a jury trial for all counts here.  (Doc. 1 at 2-3.)  L.G. Sourcing also argues that the claims must be severed because Formosa has made a claim for punitive damages against L.G. Sourcing, and punitive damages are not recoverable in a claim for worker's compensation benefits.  (Doc. 3 at 2.)  In response, Formosa argues that the entire case should be remanded, because the claims were not fraudulently joined.  (Doc. 9 at 3.) Finally, L.G. Sourcing argues that plaintiff's Motion to Remand was untimely and therefore should be denied.  (Doc. 10 at 2-4.)

Rule 21 of the Federal Rules of Civil Procedure permits federal courts to "sever any claim against any party," even for the purpose of retaining jurisdiction.  *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (noting district court's authority under Rule 21 to "dismiss dispensable nondiverse parties to cure defects in diversity jurisdiction").[2]  The trial court has "broad discretion" in determining whether to sever claims.  *Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967).  "Whether severance

---

[2]  *Ingram* relied on an earlier version of Rule 21 that stated, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  *Ingram*, 146 F.3d at 862 n.4.  Rule 21 has since been amended in relevant part to: "On motion or on its own, the court may at any time, on just terms, add or drop a party." The language conveys the same point, and the changes are merely stylistic. Fed. R. Civ. P. 21 advisory committee's note.

would facilitate . . . judicial economy is among the factors a court may examine while determining whether to sever [] claims." *Tillis v. Cameron*, 2007 WL 2806770, at *5 (M.D. Ala. Sept. 25, 2007).

The removing party has the "heavy" burden of proving fraudulent joinder. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The Eleventh Circuit recognizes three forms of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 . . ., a third situation of fraudulent joinder was identified - i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

L.G. Sourcing implicitly argues that the third basis of fraudulent joinder applies here, despite the presence of complete diversity: that there is no joint, several or alternative liability as to Lowe's and L.G. Sourcing and that the claims against them have no real connection. L.G. Sourcing argues that, under Alabama law, "claims for worker's compensation benefits cannot be properly joined with claims for personal injuries such as those against L.G. Sourcing." (Doc. 1 at 2-3.) However, district courts in Alabama

10

analyzing removal jurisdiction have rejected similar assertions of fraudulent joinder of worker's compensation claims to third party tort claims. *Wingard v. Guillot TextilMaschinen GMBH*, 2008 WL 4368884, at *3 (M.D. Ala. Sept. 23, 2008) (joinder of worker's compensation claim with tort claims against third party arising out of same work-related incident was not fraudulent where several liability and common questions of fact existed); *Williams v. CNH America, LLC*, 542 F. Supp. 2d 1261 (M.D. Ala. 2008) (same); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1277 (M.D. Ala. 2001) (same).

In *Brooks*, the court discussed the principles of joinder to illustrate why there was no misjoinder in that case. The court stated:

> A party [cannot] be misjoined if joinder is proper. Necessarily, therefore, the court's analysis of fraudulent misjoinder must begin with the text of Federal Rule of Civil Procedure 20. *Rudder v. Kmart Corp.,* 1997 WL 907916 (S.D.Ala. Oct 15, 1997). That rule provides, in pertinent part, as follows:
>
>> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. Pro. 20.
>
> In *Tapscott* [*v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)], the Eleventh Circuit explained that misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of establishing a

cause of action. *Tapscott,* 77 F.3d at 1360. To meet the standard of fraudulent joinder, however, it is not sufficient to establish merely that defendants have been misjoined. *Id.* The misjoinder must be so egregious as to constitute fraudulent joinder. *Id.* ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree . . . that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder."). In *Tapscott,* one plaintiff class had claims against one defendant and another plaintiff class had claims against another defendant. The only commonality between the claims was that the defendants allegedly had violated the same state statutes. *Id.*

*Brooks*, 176 F. Supp. 2d at 1274-75. This court finds, as did the court in *Brooks*, that

> [i]t appears to this court that the Rule 20 requirements are met in this case. The Plaintiffs have sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident. Although the claim against one defendant is for workers' compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact. In addition, the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only "several" liability. The permissive joinder standard has been held to be satisfied in a case in which a[n] employee joined a claim against a union for discrimination and a claim against an employer for wrongful discharge. *See Rumbaugh v. Winifrede R.R. Co.,* 331 F.2d 530 (4th Cir.), *cert. denied,* 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1964).

*Id.* at 1276.

Although L.G. Sourcing is correct that the worker's compensation claim cannot be tried before a jury, that is a matter of "case management" and not misjoinder. *Id.* ("The court finds no authority . . . for the proposition that the nature of the relief sought, or the method by which relief is awarded, undermines the applicability of Rule 20 if the plaintiff is seeking joint, several, or alternative liability for claims with common questions of law or fact."). Therefore, the court finds that Rule 20's requirements are met in this case, and

plaintiff's actions in joining these claims "can hardly be viewed as egregious." *Id*. at

1277.  Because the claims in this case involve several liability and common questions of

fact, the claims are properly joined.  *Id.* at 1276; Fed. R. Civ. P. 20.

Having found that L.G. Sourcing's fraudulent joinder argument fails, the court can

only permit removal if it grants L.G. Sourcing's motion to sever on other grounds.  When

faced with removed cases containing worker's compensation claims, several district

courts in Alabama have chosen to remand the entire case rather than sever and remand the

nonremovable worker's compensation claim, particularly where the only basis for federal

jurisdiction was diversity jurisdiction, as here.  *See Wingard*, 2008 WL 4368884, at *4

(denying diverse defendant's Motion to Sever worker's compensation claim against

nondiverse defendant, finding that severing the worker's compensation claim "would not

promote judicial economy," and remanding entire case); *Bryant v. Wausau Underwriters,*

*Ins. Co.*, 2008 WL 1808325 (M.D. Ala. Apr. 21, 2008) (vacating previous grant of motion

to sever and remanding entire case although diversity jurisdiction existed over remaining

claims); *Williams*, 542 F. Supp. 2d at 1267 (in case containing a worker's compensation

claim against a nondiverse defendant and tort claims against a diverse defendant,

remanding entire case and denying diverse defendant's Motion to Sever); *cf. Wilson v.*

*Dominion Mgmt., LLC*, 2010 WL 1542501(S.D. Ala. Mar. 29, 2010) (remanding

worker's compensation claim and maintaining jurisdiction over federal question claim);

*Nelson v. Dolgencorp, Inc.*, 2005 WL 1588688, *4 (S.D. Ala. June 30, 2005) (same);

*Wall v. Kimberly-Clark*, 2000 WL 1367995, *1 (S.D. Ala. Sept. 19, 2000) (same).

One reason courts have declined to sever cases containing worker's compensation

claims is because of uncertainty regarding the normal practice of severance in state courts

in these types of cases and the practical effect of severance after removal.  As noted by

the court in *Wingard*, "It would be inefficient for the court to remand the entire case if the

state court severs the Wingards' workers' compensation claim."  2008 WL 4368884, at

*4.  In deciding to remand the entire case, the *Wingard* court concluded that "'there

appears to be significant discretion left to trial judges in Alabama as to whether to sever a

workers' compensation claim from common law claims against third parties,' and that it

is 'far from being the recognized practice' for Alabama judges to sever these claims."  *Id.*

(quoting *Williams*, 542 F. Supp. 2d at 1265).

In *Brooks*, however, the court quoted an Alabama state court case which stated that

"the usual procedure where a claimant has filed a complaint seeking both workmen's

compensation and tort relief is for these two claims to be severed."[3]   176 F. Supp. 2d at

1275 (quoting *Raines v. Browning-Ferris Indus. of Alabama*, 638 So. 2d 1334, 1337 (Ala.

Civ. App. 1993)).  Although, as the *Brooks* court noted, *Raines* did not provide any

---

[3]  As discussed above, in *Brooks,* the court remanded the entire case to state court rather than severing the claims.  However, the defendants had not moved to sever the claims, but rather had removed the case on the basis of fraudulent joinder.  176 F. Supp. 2d at 1272.  After concluding that there was no rule requiring severance of worker's compensation claims from tort claims and that the claims were properly joined, the court remanded the case due to a lack of complete diversity.  *Id.* at 1277.

explanation for this statement aside from citing cases stating that the claims had been

severed at the trial stage, this court finds that severance of a worker's compensation claim

from AEMLD claims is proper for several reasons.  First, worker's compensation claims

are expedited in state court and generally resolve much faster than AEMLD claims.  *See*

*Ex parte Publix Super Markets, Inc.*, 963 So. 2d 654, 661 (Ala. Civ. App. 2007) ("Section

25-5-88, Ala. Code 1975, requires circuit courts to expedite the trial and determination of

workers' compensation cases").  Second, the claims differ as to the  damages that are

recoverable.  In a worker's compensation case, the damages are statutorily dictated.  *See*

Ala. Code 1975 § 25-5-52 ("Except as provided by this chapter, no employee . . . shall

have a right to any other method, form, or amount of compensation or damages for an

injury or death occasioned by an accident . . . proximately resulting from and while

engaged in the actual performance of the duties of his or her employment.").  For

example, compensation for injury resulting in "temporary total disability" under the

Workers' Compensation Act "shall be 66 2/3 percent of the average weekly earnings

received at the time of injury," subject to a maximum and minimum compensation, while

compensation for "permanent partial disability" shall be 66 2/3 percent of the average

weekly earnings during the number of weeks specified by statute, which varies by body

part lost.  *Id.* §§ 25-5-57(a).  Pain and suffering damages are not separately allowable in

worker's compensation cases,[4] but they are recoverable in AEMLD claims.  *See White*

---

[4] A court may consider a claimant's subjective pain and suffering in a worker's compensation action in determining the extent of disability.  *See Goodyear Tire & Rubber Co. v.*

15

*Consol. Indus., Inc. v. Wilkerson*, 737 So. 2d 447, 449 (Ala. 1999) (as an AEMLD claim

is "grounded in tort," plaintiff can recover damages for mental anguish if plaintiff also

suffered physical injury or was in the "zone of danger"). Here, Formosa has alleged

mental anguish damages under the AEMLD. (Doc. 1 at 13 ¶¶ 9, 12(d).) Although the

court previously noted that the nature of the relief sought does not normally affect the

Rule 20 analysis as to the propriety of joinder, the court does find the difference in

damages to be a factor in favor of severance.

The court finds unpersuasive Formosa's argument that severing a worker's

compensation claim from a claim against third party tortfeasors could cause the employer

to lose its opportunity to seek subrogation. (Doc. 9 at 6-7.) As Formosa notes, the

Alabama Workers' Compensation Act grants the employer the right to subrogate proceeds

recovered by the plaintiff against a third party in a case arising out of an on-the-job injury.

Ala. Code 1975 § 25-5-11(a). In *Priest v. Sealift Services Intern., Inc.*, the district court

expressed concern that severing a worker's compensation claim from claims against third

party tortfeasors could interfere with the employer's right to subrogation. 953 F. Supp.

363, 364 (N.D. Ala. 1997). The court stated that

> the employer here has a potential subrogation claim against the third-party
> tortfeasors *if* they are liable to plaintiff *and if* the employer is also liable to
> plaintiff. If this court should take jurisdiction only of the negligence claim and if
> plaintiff should prevail here before his workers' compensation claim is
> concluded in the state court, plaintiff theoretically could spend the proceeds of
> his tort recovery without his employer ever having an opportunity to stick its

---

*Snell*, 821 So. 2d 992, 998 (Ala. Civ. App. 2001).

hand out.  To allow partial removal would make it more than possible for plaintiff to obtain duplicate recoveries.

953 F. Supp. at 364 (emphasis in original).

It is true that if plaintiff's tort claims are resolved in her favor before her worker's compensation case is decided, she will have the opportunity to spend any proceeds before her employer could seek subrogation against a third-party tortfeasor.  However, because worker's compensation claims are expedited in state court, plaintiff's worker's compensation claim is likely to be resolved much faster than her tort claims.  Therefore, plaintiff's employer should not lose its opportunity for subrogation merely because of severance.  However, in the event that it becomes necessary, the court will permit the employer to intervene to protect its right to subrogation.  Formosa finds this outcome unsatisfying, arguing that if the case is severed, the worker's compensation carrier would not be able to intervene because of "the federal court['s] prohibition from entertaining workers' compensation issues."  (Doc. 9 at 7.)  The court first notes that it is unclear whether a subrogation claim arises under Alabama's worker's compensation laws for purposes of § 1445(c).  *See Hartford v. Schindler Elevator Corp.*, 2009 WL 3246670, at *3 (N.D. Ind. Oct. 6, 2009) (plaintiff's subrogation claim against a third-party tortfeasor for monies paid to an injured employee "touches on Indiana worker's compensation law," but does not arise under those laws for purposes of applying § 1445(c)).  More importantly, § 1445(c)'s prohibition only relates to the removal of worker's compensation claims; therefore, the employer or its insurance carrier would not be restricted from

17

intervening after the case has already been removed. *See Lemaster v. Taylor Indus., LLC*, 2011 WL 1577808, at *3 (E.D. Ky. Apr. 26, 2011) (subrogation claim of intervening employer's worker's compensation insurer not barred by § 1445(c) where insurer was not admitted as a party to the case when removed and, therefore, the case did not involve worker's compensation issues at time of removal).  Accordingly, the employer's right to subrogation should not be impeded by severance of these claims.  The court will sever the common law claims and maintain jurisdiction over them on the basis of diversity.

Formosa cites *Bryant v. Wausau Underwriters, Insurance Company*, an unpublished district court case, for the argument that the AEMLD and non-worker's compensation claims in this case should be remanded because there was no basis for their removal in the first place.  (Doc. 13 at 1-2 [citing *Bryant*, 2008 WL 1808325, at *2 (M.D. Ala. Apr. 21, 2008.)].)  The removal statute, 28 U.S.C. § 1441(c), permits removal of an action containing a non-removable claim if that claim is joined with a "separate and independent" claim within the federal question jurisdiction conferred by 28 U.S.C. § 1331.  The district court "may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. § 1441(c).  However, the statute does not contain a similar authorization for removal of actions that contain nonremovable claims joined with claims based only on diversity jurisdiction.

Based on the language of § 1441(c), several district courts both inside and outside of the Eleventh Circuit have distinguished cases where a federal question claim is

18

removed with a nonremovable worker's compensation claim, as in *Reed*, from cases where the worker's compensation claim is removed with a claim based solely on diversity jurisdiction. These courts have held that a case containing a worker's compensation claim and a state law claim based on diversity jurisdiction cannot be removed to federal court. *See Bryant*, 2008 WL 1808325, at *2 ("§ 1441(c) expressly authorizes a district court to exercise jurisdiction over a claim removed pursuant to § 1331 and remand 'otherwise non-removable claims or causes of action.' There is no such authority in claims removed pursuant to § 1332."); *Horn v. Kmart Corp.*, 2007 WL 1138473 (S.D. Ohio 2007) (where basis of removal was diversity jurisdiction, court remanded case finding that "the language of 1441(c) suggests that the entire case be remanded"); *Pulley v. Bartlett-Collins Co.*, 2006 WL 3386909 (N.D. Okla. Nov. 21, 2006) ("To the extent Defendants' removal [of case containing nonremovable workers' compensation claim, two federal question claims, and a state law claim] is based on diversity jurisdiction, Section 1445(c) functions to prevent such removal."); *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 193 (D. Conn. 2005) (concluding that plaintiff's worker's compensation claim "prevented removal of the entire action, even though this Court would have had jurisdiction over the action based on diversity of citizenship if it had been filed here initially"); *Husk v. E.I. Du Pont De Nemours & Co.*, 842 F. Supp. 895 (S.D. W. Va. 1994) (in removed case containing claim under § 1445(c) and other state law claims, concluding that, because plaintiff's complaint did not raise a federal question, "28 U.S.C. §§ 1331

and 1441(c) thus prohibit this Court from assuming jurisdiction over the case, and it must be remanded"); *see also Williams*, 542 F. Supp. 2d at 1266 (in granting plaintiff's Motion to Remand entire case, finding *Reed v. Heil Co.* not controlling in cases where worker's compensation claim is removed with claim based on diversity jurisdiction and rejecting defendant's argument that *Reed* requires remand of only worker's compensation claims and severance from otherwise removable claims); *but see Perdue v. Westpoint Home, Inc.*, 2007 WL 3202455, at *4 (N.D. Fla. Oct. 26, 2007) (in removed case containing a state law claim joined with a nonremovable worker's compensation claim, ordering remand of worker's compensation claim but maintaining jurisdiction over state law claim based on diversity, noting that the court "lack[s] discretionary authority to remand to state court a claim for which jurisdiction in this Court is proper. . . Diversity jurisdiction is not discretionary.").

The court need not address the removability of the non-worker's compensation state law claims (Counts Two, Three, and Four) in this case, because the court finds that any defect with their removal is merely a procedural defect. Accordingly, Formosa waived her right to move to remand these claims by not moving to remand within thirty days of removal.  Because subject matter jurisdiction otherwise exists over these claims based on diversity jurisdiction, the court may retain jurisdiction over Counts Two through Four, even if they were improperly removed to this court.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.64 (11th Cir. 2007) ("[W]here the plaintiff challenges

20

removal before judgment but after the thirty-day period has lapsed, the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all. . . '[W]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.'") (quoting *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). The court does not now address the question of whether remand of the entire case would have been warranted if Formosa had filed her Motion to Remand within thirty days of removal.

For the reasons discussed, the court finds that L.G. Sourcing's Motion to Sever and for Partial Remand, (doc. 3), is due to be granted, and Formosa's Motion to Remand, (doc. 8), is due to be denied.

An Order in accordance with this opinion will be entered.

**DONE**, this 15th day of August, 2011.


SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

21